UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, individually and as next friend of C.H., a minor, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 25-311-DCR |
| V. | ) ) | |
| DEWANNA MCLEAN, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Dewanna McLean has moved to set aside the Clerk's entry of default and for dismissal of the Complaint for improper service. [Record No. 12] Plaintiff Christopher Harris maintains that service was proper but requests an extension if the Court finds the service deficient. [Record No. 15] Having reviewed the parties' arguments, the undersigned concludes that setting aside the entry of default is necessary because service was improper. However, dismissal is not appropriate because a discretionary extension is warranted under the circumstances presented. Accordingly, the Court will allow Plaintiff Christopher Harris fourteen days to perfect service upon the defendant.

**I.**

Harris filed a Complaint against McLean along with John and Jane Doe(s) on September 5, 2025. [Record No. 1] Harris tendered a certified mail receipt after receiving notice of the Court's intention to dismiss the Complaint if service was not effectuated within the 90 days allowed by Rule 4(m) of the Federal Rules of Civil Procedure. [Record No. 5] The receipt was signed by William Leadingham but identified the addressee as Dewanna

- 1 -

McLean. [Record No. 5-1] The certified mail was sent to the Cabinet for Health and Family Services in Winchester, Kentucky. *Id.* The date of delivery was September 22, 2025. *See id.*

On March 3, 2026, Harris moved for an entry of default based on the defendant's failure to appear timely and respond to the Complaint. [Record No. 7] The Clerk entered default against McLean on March 9, 2026. [Record No. 10] McLean moved to set aside the entry of default and for dismissal for improper service two weeks later. [Record No. 12] She argues that good cause overcomes her failure to respond to the Complaint. *Id.* at 1–2. She likewise insists that Harris' service was deficient because she was not served personally and Leadingham is not her authorized agent to accept service. *Id.* at 8.

Harris disagrees on both fronts. He argues that the factors courts consider when deciding whether to set aside an entry of default fall in his favor. [*See generally* Record No. 15.] And Harris further asserts that he initiated service on September 10, 2025, by "restricted delivery" certified mail, specifying that service was to be made "on the individual." *Id.* at 4. After the defendant appeared to contest service, Harris attempted service again on March 26, 2026, and assured the Court that he would provide notice once he receives the return receipt. [Record No. 15 at 4–5] "[O]ut of an abundance of caution," he seeks an enlargement of the time allowed for service if the Court were to find his prior attempts deficient. *Id.* at 5. Following review, the undersigned concludes that a reply from McLean is not necessary to resolve the present motion.

## II.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." Courts within the Sixth Circuit apply the following three-factor test to determine whether good cause exists: (1) whether the plaintiff will suffer

prejudice; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default. *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986)). Where the first two requirements are satisfied and the defendant "moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims*, 796 F.2d at 195. These factors are to be "applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." *Marbly*, 22 F. App'x at 372 (citing *Shepard Claims*, 796 F.2d at 193–94).

"But before [a court] can reach the issue of good cause, [it] must establish whether service of process was proper." *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022). And "'if service of process was not proper, the court must set aside an entry of default.'" *Id.* (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712 (2022)).

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve the defendant within 90 days from the filing of a complaint. If a plaintiff shows good cause for his or her failure to effectuate service within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). However, if good cause does not exist, the Court considers whether a discretionary extension is nonetheless appropriate. *United States v. Oakland Physicians Med. Ctr.*, LLC, 44 F.4th 565, 568 (6th Cir. 2022).

**Proper Service**

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service that complies with state law where the district court is located or where service is made. Rule 4.01(1)(a) of the Kentucky Rules of Civil Procedure allows service *via* certified mail "with instructions to the delivering postal employee to deliver [the summons and complaint] to the addressee only." The rule includes the following exception for government defendants sued in their official capacity: "[t]o the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for 'addressee only' mail, signature by such authorized representative shall constitute service on the officer." Ky. R. Civ. P. 4.01(1)(a).

Rule 4.04(2) of the Kentucky Rules of Civil Procedure outlines personal service which provides, in pertinent part, that "(s)ervice shall be made upon an individual within this Commonwealth . . . by delivering a copy of the summons and of the complaint (or other initiating document) to him personally." The rule continues that "if a defendant refuses personal service, it is appropriate to deliver the summons and complaint to 'an agent authorized by appointment or by law to receive service of process' for the defendant." *Douglas v. Univ. of Kentucky Hosp.*, No. 2006-CA-002149-MR, 2008 WL 2152209, at *2 (Ky. Ct. App. May 23, 2008) (quoting Ky. R. Civ. P. 4.04(2)).

A defendant may make a limited appearance to challenge service and seek dismissal. Fed. R. Civ. P. 12(b)(5). Once challenged, the plaintiff bears the burden of demonstrating he or she properly served the defendant or that good cause exists to enlarge the time to perfect service under Rule 4(m). *See Ranger Nat. Gas, LLC v. Burns*, Civil Action No. 07-202-ART,

2009 WL 10676540, at *1 (E.D. Ky. Sept. 18, 2009) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Here, Harris' certified mail service failed to comply with both Rules 4.01 and 4.04 of the Kentucky Rules of Civil Procedure. Harris acknowledges that McLean is being sued in her *individual* capacity, which means that Harris was not entitled to rely on Rule 4.01(1)(a)'s exception for serving governmental officers. [*See* Record Nos. 1 and 15 at 1–2.]; Ky. R. Civ. P. 4.01(1)(a) (providing that signature by "representatives of local, state, or federal governmental offices" for "'addressee only' mail . . . constitute *service on the officer*") (emphasis added). The parties agree that McLean did not sign for the certified mail. And even if Harris could show that he was entitled to rely on the exception for officers, he has not met his burden in demonstrating that Leadingham was McLean's "authorized representative." Ky. R. Civ. P. 4.01(1)(a); *Douglas*, 2008 WL 2152209, at *3 (noting that the mismatched "name on the return receipt should have led one to inquire as to whether or not he was an authorized agent of the addressee").

So too for Rule 4.04(2)'s service requirements. It is undisputed that McLean was not personally served the summons and Complaint. And there is no indication that she refused service such that Harris could rely on Rule 4.04(2)'s exception for service on "an agent authorized by appointment or by law to receive service of process" for McLean. Ky. R. Civ. P. 4.04(2). Nor has he shown that Leadingham was McLean's agent. Thus, service of process for McLean was improper under Kentucky law.

Having determined that Harris failed to sustain his burden in showing McLean was properly served, the Court *must* set aside the clerk's entry of default. *Lu*, 2022 WL 13983546,

at *3 (quoting *O.J. Distrib., Inc.*, 340 F.3d at 352 ("'[I]f service of process was not proper, the court must set aside an entry of default.'")).

The undersigned now turns to whether good cause supports Harris' failure and whether additional time under Rule 4(m) is warranted. Should both questions be answered in the negative, dismissal would be proper as McLean has moved for dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure for "insufficient service of process." *See O'Brien*, 2025 WL 645870, at *2 ("[T]he plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made.").

**Rule 4(m)**

**Good Cause:** "Rule 4(m) of the Federal Rules of Civil Procedure sets forth the timeline for effecting service of process, as well as the scenarios that warrant enlarging that timeframe." *Oakland Physicians*, 44 F.4th at 568. The rule provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "[i]f a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service" for an appropriate period. *Oakland Physicians*, 44 F.4th at 568 (citing Fed. R. Civ. P. 4(m)). The plaintiff's burden in establishing good cause "'necessitates a demonstration of why service was not made within the time constraints.'" *Nafzinger v. McDermott Int'l Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib,* 15 F.3d at 73).

While Rule 4(m) does not define good cause, the United States Court of Appeals for the Sixth Circuit has required at least excusable neglect. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table). Excusable neglect is a strict

standard that is met only in extraordinary cases. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Actual notice and a lack of prejudice to the defendant are insufficient to establish good cause. *See Moncrief v. Stone*, 961 F.2d 595, 596–97 (6th Cir. 1992). To be sure, "'[s]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice' to meet this strict, good cause standard." *Stapelton v. Vicente*, No. 5: 18-cv-504-JMH, 2021 WL 1234636, at *2 (E.D. Ky. Mar. 31, 2021) (quoting *Moncrief*, 961 F.2d at 597).

Harris has not demonstrated good cause for his failure to properly serve McLean. Specifically, plaintiff's counsel's assumption that Leadingham was McLean's authorized agent falls shy of good cause. By the plaintiff's own admission, McLean was being served in her individual capacity. But when counsel received the return receipt, it was not signed by McLean. Yet counsel took no steps to confirm that Leadingham was McLean's authorized agent or whether she could be served *via* an agent in her individual capacity. Such inaction does not demonstrate "'reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)).

**Discretionary Extension:** Absent good cause, a court retains jurisdiction to determine whether a discretionary extension is nonetheless warranted. *Oakland Physicians*, 44 F.4th at 568 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). That inquiry asks the Court to consider the following factors:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any

deficiencies; (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569. "How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances." *Id.* at 568.

Under the circumstances presented in this case, a discretionary extension to perfect service is warranted. In reaching that conclusion, the Court takes each *Oakland Physicians* factor in turn.

*First*, if Harris were granted an extension at this juncture, it would likely be well beyond the time allowed for service. This factor examines the length of delay from the expiration of the original service deadline to assess whether the requested extension is reasonable. Ninety days from the filing of the Complaint concluded on December 4, 2025. [*See* Record No. 1.] Although courts differ in their view of what lapse duration constitutes "well beyond timely service of process," even a modest extension in this instance would likely satisfy. *See e.g.*, *In re Long*, 677 B.R. 77, 104 (Bankr. S.D. Ohio 2026) (finding a nine-month lapse "well beyond the timely service of process"); *Love v. Michigan Prop. Res.*, 737 F. Supp. 3d 600, 607 (E.D. Mich. 2024) (finding a six-month lapse "well beyond the timely service of process"). Thus, this factor weighs against granting a discretionary extension.

*Second*, there is no indication that an extension of time would prejudice the defendant other than having to defend the suit. That is particularly true here where McLean had actual notice of the suit after the insufficient service. In any event, she points to no legitimate prejudice she would suffer if the time for service was extended. [*See* Record No. 12.] But here, where most factors weigh in favor of granting a discretionary extension, any prejudice alleged by McLean would not tip the scales in her favor.

*Third*, it is undisputed that McLean had actual notice of the lawsuit.

*Fourth*, it appears from the Complaint that refusing to extend the time for service would substantially prejudice Harris because his lawsuit would be time-barred. The Complaint alleges that McLean violated the plaintiff's procedural and substantive due process rights under 42 U.S.C. Section 1983. [Record No. 1] It further claims that McLean committed the tort of outrage under Kentucky law. *Id.*

The events giving rise to these claims are alleged to have occurred between September 2024 and January 2025. [*See* Record No. 1.] Under Kentucky law, Section 1983 claims carry a one-year statute of limitations. *Burnett v. Transit Auth. of Lexington-Fayette Urb. Cnty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013), *aff'd* (July 10, 2014) (citations omitted). Whereas a tort of outrage claim typically carries a five-year statute of limitation in Kentucky. *Marksbury v. Elder*, No. 5:09-CV-24-REW, 2011 WL 1832883, at *8 (E.D. Ky. May 12, 2011). Because Harris' Section 1983 claims would be time-barred, this factor supports a discretionary extension.

*Fifth*, Harris has made good faith efforts to effect proper service of process and was diligent in correcting any deficiencies. He initially attempted service by certified mail, but the mail was signed by an employee who was not McLean's authorized agent. Once he learned that McLean was contesting service, Harris attempted to serve her again by certified mail. And now, Harris seeks leave to expand the time to serve McLean should this Court find those prior attempts insufficient. Put simply, Harris has made good faith attempts at service and has been diligent in correcting those deficiencies.

*Sixth*, the plaintiff is not a *pro se* litigant deserving of additional latitude to correct defects in service of process.

*Seventh*, a relevant equitable factor exists that applies to the unique circumstances of this case. Harris attempted service on McLean to her place of employment by certified mail. He checked the box for "Certified Mail Restricted Delivery" on his certified mail purchase receipt. [Record Nos. 15 at 5 and 15-1] Harris believed Leadingham to be McLean's authorized agent because Leadingham signed the return receipt on that certified mail that was designated for "Restricted Delivery" to the addressee. [Record No. 15 at 5] Although the unpublished Kentucky Court of Appeals decision in *Douglas v. University of Kentucky Hospital* suggests that Harris should have independently verified the identity of Leadingham, the unique circumstances here support a discretionary extension. 2008 WL 2152209, at *3.

After weighing the *Oakland Physicians* factors, the undersigned concludes that a brief extension is warranted under Rule 4(m).

### IV.

Based on the foregoing, it is hereby **ORDERED** as follows:

1.      Defendant Dewanna McLean's motion [Record No. 12], is **GRANTED** to the extent that it seeks to set aside the Clerk's entry of default. However, it is **DENIED** insofar as it seeks dismissal due to insufficient service of process.

2.      The Clerk's entry of default [Record No. 10] is **VACATED** and **SET ASIDE**.

3.      Plaintiff Christopher Harris' construed motion to enlarge the time for service under Rule 4(m) of the Federal Rules of Civil Procedure [Record No. 15] is **GRANTED**. The plaintiff has **fourteen days** to perfect service on Defendant McLean. Once proof of service is received, the plaintiff is directed to **promptly** tender a notice containing that confirmation.

- 11 -

Dated:  May 6, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky